UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WILLIAM HENNESSY, by and through his
Guardian, JOSEPHINE HENNESSY,

               Plaintiff,

  -against-

POETICA COFFEE INC.
and THOR ATLANTIC GARDENS LLC,

               Defendants.
-----------------------------------------------------------X

REPORT AND
RECOMMENDATION
21 CV 5063 (KAM)(RML)

LEVY, United States Magistrate Judge:

        By order dated April 4, 2022, the Honorable Kiyo A. Matsumoto, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

        On September 10, 2021, plaintiff William Hennessy ("Hennessy" or "plaintiff"), by and through his guardian Josephine Hennessy, filed this action against defendants Poetica Coffee Inc. ("Poetica Coffee") and Thor Atlantic Gardens LLC (together, "defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296, *et seq.*; the New York State Civil Rights Law ("NYSCRL"), N.Y. CIV. RIGHTS L. §§ 40-c, 40-d; and the New York City Human Rights Law ("NYCHRL"), N.Y City Admin. Code § 8-107(4). (Complaint, dated Sept. 10, 2021 ("Compl."), Dkt. No. 1.) Plaintiff

seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs. (See id.)

Defendants were properly served on September 22, 2021. (Affidavits of Service of Robert Guyette, sworn to Sept. 22, 2021, Dkt. Nos. 6, 7.) The Clerk of the Court noted defendants' defaults pursuant to Federal Rule of Civil Procedure 55(a) on January 13, 2022. (Clerk's Entry of Default, dated Jan. 13, 2022, Dkt. No. 9.) On January 13, 2022, plaintiff moved for default judgment against both defendants. (Motion for Default Judgment, dated Jan. 14, 2022, Dkt. No. 10.) Judge Matsumoto referred plaintiff's motion to me for a report and recommendation. (Order Referring Motion, dated Apr. 4, 2022.) To date, the court has received no communication from defendants.

Plaintiff, a resident of Kings County, New York, has cerebral palsy with spastic quadriplegia and uses a wheelchair for mobility. (Compl. ¶ 6.) As a result of his medical conditions, plaintiff has inhibited walking and restricted "body motion range and movement." (Id.) He is therefore a qualified individual with a disability under the ADA, NYSHRL, NYSCRL, NYSCRL and NYCHRL. 42 U.S.C. § 12102; N.Y. EXEC. LAW § 292.; N.Y. CIV. RIGHTS LAW §§ 40-c, 40-d; N.Y City Admin. Code § 8-107(4). Defendants are alleged to "operate and/or lease" a property (the "Premises") at 529 Atlantic Avenue in Brooklyn, New York. (Compl. ¶ 7.) The Premises is alleged to be a place of public accommodation within the meaning of the ADA, NYSHRL, NYSCRL, and NYCHRL. (Id. ¶¶ 10-11.) Plaintiff alleges that "[n]umerous architectural barriers exist" at the Premises that prevent or restrict his access to the establishment. (Id. ¶ 12.) Specifically, plaintiff avers that there are barriers that deter him from the Premises, including no ramp at the main entrance and no handrails. (Id. ¶ 21.) Further, it is

2

alleged that he "frequently travels" to the area where the Premises is located and plans to "patronize the defendants'" Premises "several times a year." (Id. ¶¶ 28-29.)

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. See Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. Id. (citing FED. R. CIV. P. 55(a)). Second, once default has been entered against the non-responsive party, the plaintiff "must apply to court for a default judgment." FED. R. CIV. P. 55(b)(2).

A defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp., 973 F.2d 155, 158 (2d Cir. 1992). Once a plaintiff meets the requirements to enter default, the court "is required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The court then must "determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law." Id. Once liability has been established, the "decision whether to enter default judgment is committed to the district court's discretion." Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015). The court need not conduct a hearing to determine damages when it can rely on sufficiently detailed affidavits and documentary evidence. House v. Kent Worldwide Mach. Works, Inc., 359 F. App'x 206, 207 (2d Cir. 2010).

1. Americans with Disabilities Act Claim

   A. Standing

Standing is an "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Therefore, even where the defendant has not challenged the plaintiff's standing, the court still must evaluate whether the plaintiff has standing. Garnet v. Ramos Bros. Inc., No. 16 CV 2792, 2017 WL 590323 at *1 (E.D.N.Y. Feb. 13, 2017) (citing Access 4 All, Inc. v. Thirty E. 30th St., LLC, No. 04 CV 3683, 2006 LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2006)). To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." Brown v. Mermaid Plaza Assocs. LLC, No. 13 CV 760, 2018 WL 2722454 at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)).

The Second Circuit has held that in ADA suits seeking injunctive relief as a remedy for lack of access to a public accommodation, a plaintiff must prove: (1) a past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to infer that "based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015) (alteration in original) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013)). In ADA cases, "a 'broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" Brown, 2018 WL 2722454, at *6 (quoting Harty v. Spring Valley Marketplace LLC., No. 15 CV 8190, 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)).

A plaintiff can establish an injury under the ADA by demonstrating: "(1) that [he or] she suffered a direct injury by personally encountering unlawful barriers at the defendant's

4

property; or (2) by showing that [he or] she was deterred from using the property because it does not comply with the ADA." Chamaidan v. Tomy B. Haircare Inc., No. 17 CV 6948, 2019 WL 4917895, at *3 (E.D.N.Y. Sept. 30, 2019) (citing Kreisler, 731 F.3d at 188; Feltzin v. Triangle Props. #1, LLC, No. 14 CV 5131, 2016 WL 11599254, at *5 (E.D.N.Y. Dec. 15, 2016)). Furthermore, ADA standing can be established based on a plausible intention to return to the public accommodation as either a patron or as a tester seeking to determine whether the public accommodation has been rendered ADA-compliant. Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011).

   Here, I find the allegations in plaintiff's complaint sufficient to establish his standing to seek injunctive relief under Title III of the ADA. Plaintiff alleges that he visited the Premises and observed several architectural barriers that made it difficult or impossible for him to access or use the Premises. (Compl. ¶ 12.) The barriers include an inaccessible entrance without a ramp and no handrails. (Id. ¶ 21.) Since the barriers are architectural in nature, it is reasonable to infer that these barriers would remain in place absent court-ordered remediation. (See id.) See Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *3 (E.D.N.Y. Aug. 15, 2013) (finding plaintiff established standing by stating that architectural barriers prevented entry to grocery store that, given the structural nature of the barrier, would persist without court-ordered remediation.) Plaintiff further alleges that he resides in Kings County, New York, where the Premises is also located and intends to visit the Premises "several times a year." (Compl. ¶¶ 5, 7, 28-29.) These allegations, accepted as true, establish that plaintiff has actual knowledge of barriers to defendants' place of public accommodation, that he would visit defendants' business but for the presence of those barriers, and that he intends to return to the Premises in the immediate future.

Plaintiff also has alleged that he has cerebral palsy, is substantially limited in walking and body motion range, and uses a wheelchair for mobility. (Compl. ¶ 31.) Plaintiff clearly has a statutorily protected disability under the ADA because he is substantially limited in the "major life activity[y]" of walking. 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, … walking[.]"). Further, plaintiff alleges that the Premises is a place of public accommodation subject to the ADA. (Compl. ¶ 9.) The ADA defines a public accommodation to include "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B). Here, while the plaintiff only vaguely describes the Premises as a "place of public accommodation," this court infers that the establishment serves food and drinks. (See Compl. ¶¶ 9, 21 (referring to dining tables, chairs, and a self-service beverage cooler).) [1] The Premises is therefore a place of public accommodation. Such allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA. See Hashimi v. CLMO, LLC, No. 20 CV 1073, 2021 WL 3478174, at *2 (E.D.N.Y. July 19, 2021), report and recommendation adopted, 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021) (finding allegations sufficient to establish the subject premises was a place of public accommodation under the ADA when referencing dining tables and chairs in the complaint).

B. Liability

Plaintiff has satisfied the requirement for liability under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or

---

[1] Poetica Coffee has a website that lists food and drinks sold at the establishment. See https://www.poeticacoffee.com/ (last visited on July 25, 2022).

leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; [and] a failure to remove . . . barriers . . . in existing facilities . . . where such removal is readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iii), (iv); see also Roberts v. Royal Atl. Corp., 542 F.3d 363, 367 (2d Cir. 2008). Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff alleges, and the court accepts as true, that defendants have failed to remove architectural barriers where such removal is readily available and would not impose an undue hardship on defendants. (Compl. ¶¶ 41-42.) Plaintiff also alleges that defendants' property is not in compliance with the ADA and that the removal of any architectural barriers is readily achievable and thus required under the ADA. (Id. ¶¶ 41-45.) Therefore, I find that plaintiff has established defendants' liability under Title III of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iii), (iv).

   C. Relief

Plaintiff requests an injunction enjoining defendants from further discrimination and compelling the Premises to come into compliance with the ADA. As discussed above, plaintiff has established that architectural barriers on the Premises prevent or restrict him from accessing the establishment. (Compl. ¶ 12.) When a plaintiff demonstrates that a defendant has failed to remove barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall

7

include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

However, plaintiff has requested injunctive relief in the form of a "permanent injunction ordering defendants to close and cease all business until defendants remove all violations." (Plaintiff's Memorandum of Law, dated Jan. 14, 2022 ("Pl.'s Mem."), Dkt. No. 10, at 12; Compl. at 15.) Although plaintiff requests shutting down the Premises until alterations are made, plaintiff has not cited any authority for ordering such an injunction or provided any information about how long it would take to make the modifications. See O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942, 2020 WL 4013187, at *4 (E.D.N.Y. July 16, 2020) (denying injunction because plaintiff failed to state how long it would take for modifications to be completed); Taylor v. 312 Grand St. LLC, No. 15 CV 5410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016) (denying injunction because plaintiff failed to provide information about how long it would take for alterations to the premises to be made). Nor has plaintiff provided information as to why the Premises cannot stay open while modifications are made. O'Rourke, 2020 WL 4013187, at *4 (declining to issue injunction without information from the plaintiff as to why the business must close while alterations are made). I therefore decline to recommend an injunction ordering defendant to close and cease all business until defendants remove all violations.

"[T]he often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." Taylor, 2016 WL 1122027, at *4 (collecting cases); see also Hashimi, 2021 WL 3478174, at *4. Accordingly, I respectfully recommend the issuance of an injunction requiring defendants to prepare architectural plans remedying the violations of the Americans with Disabilities Act

8

Accessibility Guidelines identified by plaintiff in the complaint and provide plaintiff's counsel with those plans for review within sixty (60) days of any order adopting this Report and Recommendation.  See, e.g., Hashimi, 2021 WL 3478174, at *4; O'Rourke, 2020 WL 4013187, at *4; Taylor, 2016 WL 1122027, at *4; Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551, 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013) (citations omitted).  I further recommend that the injunction give plaintiff thirty (30) days from receipt of defendants' plans to consent or to file a motion seeking relief from the court.  See O'Rourke, 2020 WL 4013187, at *5.  Finally, I recommend that the injunction require defendants to implement architectural plans and remedy the violations within sixty (60) days of plaintiff's agreement or a ruling by the court that the plans are adequate.  See id.

2. New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law Claims

Plaintiff also alleges that defendants violated the NYSHRL, N.Y. EXEC. LAW § 296(2)(a); [2] the NYSCRL, N.Y. CIV. RIGHTS L. §§ 40-c, 40-d;[3] and the NYCHRL, N.Y City Admin. Code § 8-107(4)(a).[4]  Plaintiff's state and municipal law claims are based on the same

---

[2] The NYSHRL, N.Y. EXEC LAW § 296(2)(a), provides that:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

[3] Section 40-c provides that "[n]o person shall, because of … disability … be subjected to any discrimination in his or her civil right … by any other person or by any firm, corporation or institution."

[4] The NYCHRL, N.Y City Admin. Code § 8-107(4)(a), provides that:

Continued…

architectural barriers that underlie his ADA claim. Plaintiff alleges that the architectural barriers at defendants' business constituted disability discrimination under the NYSHRL, NYSCRL, and NYCHRL because they resulted in the exclusion of people with disabilities who use wheelchairs, and sent an implicit statement that such patrons are not welcome. (Compl. ¶¶ 48-51, 54, 59-61, 64, 66.) Taking those allegations as true, defendants are liable for violating the NYSHRL, NYSCRL, and NYCHRL based on the same architectural barriers that establish ADA liability.

### A. Compensatory Damages

Plaintiff requests an award of $1,000 in compensatory damages under the NYSHR and NYCHRL. Plaintiff alleges that as a result of the disability discrimination he endured by virtue of the architectural barriers to defendants' Premises, he "suffered, and continues to suffer, emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety." (Compl. ¶¶ 54, 64.)

"The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" Shalto v. Bay of Bengal Kabob Corp., No. 12 CV 920, 2013 WL 867429, at *3 (E.D.N.Y. Feb. 6, 2013 (quoting Kreisler, 2012 WL 3961304, at *14)). Furthermore, courts in this Circuit have found an award of $1,000 appropriate involving similar factual allegations. See, e.g., Florez v.

---

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation . . . because of the actual or perceived . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof, or, directly or indirectly.

Mister Cangrejo NY Corp., No. 20 CV 4745, 2022 WL 837490, at *5 (E.D.N.Y. Mar. 1, 2022) (awarding $1,000 on default where plaintiff alleged he suffered emotional distress that included humiliation and anxiety because he felt discriminated against). Therefore, I respectfully recommend plaintiff be awarded $1,000 in compensatory damages.

  B. Statutory Damages

Plaintiff also seeks $500 in statutory damages under New York Civil Rights Law §§ 40-c and 40-d. Defendants who violate the NYCRL "shall for each and every violation thereof be liable to a penalty of no less than one hundred dollars and no more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." N.Y. CIVIL RIGHTS L. § 40-d. However, the statute further requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." Id. The complaint does not allege that plaintiff served the attorney general or provide any evidence in connection with this motion to establish that the attorney general was served with notice. See Feacher v. Intercontinental Hotels Grp., 563 F. Supp. 2d 389, 407 ("The failure to comply with notice provisions … is fatal to a private action . . . [.]"). However, plaintiff should be given leave to supplement his motion with supporting documentation of his service of notice to the attorney general "at or before the commencement" of this suit. See id.

Since plaintiff has provided no proof of notice, I respectfully recommend that plaintiff's request for $500 in statutory damages be denied without prejudice. If plaintiff presents proof of compliance with the notice requirement, I respectfully recommend that he be awarded the additional $500 pursuant to New York Civil Rights Law §§ 40-c and 40-d.

 3. Attorney's Fees and Costs

11

A plaintiff prevailing in ADA litigation is entitled to recover reasonable attorney's fees and costs. 42 U.S.C. § 12205. Plaintiff requests $4,500 in attorney's fees, and $2,077 in litigation costs and expenses. (Pl.'s Mem. at 10.) The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). A fee applicant "bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983)). "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1154; see also Kingvision Pay–Per–View, Ltd. v. The Body Shop, No. 00 CV 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying a request for attorney's fees and costs where plaintiff did not offer supporting documentation showing how the fees were calculated).

Plaintiff seeks to recover attorney's fees incurred in this matter by Gabriel A. Levy, Esq. at an hourly rate of $450 for ten hours of legal work. (Pl.'s Mem. at 10.) In a fee application, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Although plaintiff's counsel provides billing records in support of the request for attorney's fees, counsel has not provided sufficient justification for his requested $450 hourly rate. (See Pl.'s Mem. at 10.)  Plaintiff contends that the hourly rate is based on "[Mr. Levy's] experience litigating civil rights cases, particularly those involving discrimination claims under the ADA" and that Mr. Levy has litigated "over 80 cases involving ADA claims." (Id.) However, plaintiff does not state that the requested hourly rate is that usually charged to Mr. Levy's clients and awarded by the courts; nor does plaintiff provide examples of cases awarding the same rate to attorneys with comparable experience.  See Feltzin v. Union Mall LLC, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (internal quotation marks and citation omitted) (determining a $425 hourly rate for one partner to be reasonable because he had "engaged in ADA litigation since 2001 and this district ha[d] recently awarded him an hourly rate of $425 in a case with [a] substantially similar fact pattern"); Cankat v. 41st Ave. Rest. Corp., No. 15 CV 4963, 2016 WL 7217638, at *4 (E.D.N.Y. Dec. 12, 2016) (collecting cases and determining reasonable attorney's fees based on the credentials supplied by counsel).  Further, plaintiff fails to explain why the requested billing rates are reasonable given that this is a routine ADA default case.  See Monge v. Glen Cove Mansion Hosp., LLC, No. 18 CV 7229, 2020 WL 1666460, at *6 (E.D.N.Y. Apr. 2, 2020) (reducing attorney's hourly rate to $300 for a case with the "same boilerplate Complaint" that was "virtually identical" to those used in similar ADA cases).

This court's internet search found that Mr. Levy is a solo practitioner and was admitted to practice in 2017.  See https://linkedin.com/in/gabriel-levy-esq-9a395689 (last visited on July 25, 2022); https://opengovus.com/new-york-state-attorney/5488655 (last visited on July 25, 2022).  Also, this court's independent search of the Eastern District docket revealed that plaintiff's counsel commenced this action using a complaint that is nearly identical to sixty-one

other complaints alleging ADA violations that plaintiff's counsel has filed on behalf of plaintiff within the last year. See, e.g., Hennessy v. 99 Franklin Bar LLC, 22 CV 1771 (filed Mar. 30, 2022); Hennessy v. Carrie's Hospitality LLC, 22 CV 833 (filed Feb. 15, 2022); Hennessy, v. Homecoming Williamsburg, Inc., 21 CV 6352 (filed Nov. 16, 2021).

"In recent years, fees have been awarded in the Eastern District of New York at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases." Union Mall LLC, 393 F. Supp. 3d at 212. In general, the $450 per hour rate is higher than what is typically awarded in this court for "non-complex" ADA cases. See Hashimi, 2021 WL 3478174, at *5 (collecting cases). Plaintiff's counsel's requested rate is at the high end of the range in this jurisdiction for ADA-based litigation. See, e.g., Union Mall LLC, 393 F. Supp. 3d at 212 (awarding $425 to a partner with approximately eighteen years of ADA litigation experience); Feltzin v. Ciampa Whitepoint LLC, No. 15 CV 2279, 2017 WL 570761, at *2 (E.D.N.Y. Feb. 13, 2017) (awarding one partner $425 per hour for his extensive experience litigating ADA cases since 2001). In this case, I find a $275 hourly rate for an attorney in this district with five years of experience litigating disability discrimination claims to be reasonable. See, e.g., Rudler v. MLA Law Offices, Ltd., 19 CV 2170, 2021 WL 4398087, at *1 (E.D.N.Y. Sept. 27, 2021) (awarding a $275 hourly rate for an attorney with five years of experience); Grinblat v. H & 6 Assocs. Inc., 19 CV 2034, 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending a $300 hourly rate for attorney with nineteen years of ADA litigation experience, report and recommendation adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020); Alsaydi, 2013 WL 4432218, at *5 (awarding a $325 hourly rate for a solo practitioner with more than ten years of experience litigating disability discrimination cases); Santiago v. Coco Nail HB, Inc., 10 CV 3373, 2012 WL 1117961, at *3-4 (E.D.N.Y. Mar. 16, 2012)

(recommending a reduction of attorney's fees from $425 hourly rate to $275 where the attorney failed to provide evidence of his background and experience).

The next step in awarding attorney's fees is determining the reasonableness of the hours expended by plaintiff's counsel. A fee applicant has the burden of demonstrating the hours expended and the work performed. See Carey, 711 F.2d at 1147-48. In reviewing a fee motion, the court should exclude "excessive, redundant, or otherwise unnecessary hours." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The court has the discretion to deduct a reasonable percentage of the number of hours claimed "as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Hensley, 461 U.S. at 434).

Here, the records show that plaintiff's counsel billed ten hours for legal work. (See Attorney Fee Statement, annexed as Ex. 4 to Pl.'s Mem.) However, I find the number of hours plaintiff's counsel billed excessive given that this case is relatively straightforward. See, e.g., Grinblat, 2020 WL 7000347, at *3 (citing cases). In cases like this one, "rather than engage in an entry-by-entry critique of the time billed, the [court] will reduce the amount of compensable time by a percentage that fairly reflects th[o]se considerations." Scharff v. County Nassau, 10 CV 4208, 2016 WL 3166848, at *7 (E.D.N.Y. May 20, 2016). Accordingly, I respectfully recommend an across-the-board reduction of twenty percent (20%). See Monge, 2020 WL 1666460, at *6 (applying a thirty-five percent reduction to the hours requested in attorney's fees in a similar ADA case); Rutledge v. Haru Inc., No. 20 CV 7641, 2021 WL 4429328, at *3 (S.D.N.Y Sept. 27, 2021) (reducing hours requested for attorney's fees by fifteen percent in a similar ADA case). Hence, of the ten (10) hours billed, eight (8) should be compensated.

15

As for costs, plaintiff seeks $402 in filing fees and $175 for service of process. (Pl.'s Mem. at 10.) "Filings fees are recoverable without supporting documentation if verified by the docket." Union Mall LLC, 393 F. Supp. 3d at 219. "[P]rocess server fees are also recoverable but must be supported by documentation." Id. Plaintiff's filing fee of $402 is noted on the docket. (Dkt. No. 1.) However, plaintiff has not provided documentation to support the process server fees in the amount of $175. (See Affidavit of Robert Guyette, sworn to Sept. 22, 2021 ("Guyette Aff."), annexed as Ex. 2 to Pl.'s Mem.) The affidavits of service state that plaintiff paid a fee of $40 each to the Secretary of State. (Id.) Plaintiff has submitted no other documentation to support the request for $175. (See Pl.'s Mem. at 10.) Therefore, I respectfully recommend that plaintiff be awarded $80 for service of process.

Additionally, plaintiff requests $1,500 for an ADA inspection report; however, there is no documentation to support this request. (See Pl.'s Mem. at 10.) Although costs like these may be recoverable, this request must be denied in the absence of documentation to establish that an inspection took place. See Florez, 2022 WL 837490, at *7 (denying $1,500 for an ADA inspection report when no documentation was provided to the court). Therefore, I respectfully recommend awarding plaintiff $2,200 in attorney's fees and $482 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted in part and denied in part, as follows: I recommend that (1) defendants be found liable under the ADA, the NYSHRL, and the NYCHRL; (2) an injunction be issued ordering defendants to provide a compliance plan within sixty (60) days of any order adopting this Report and Recommendation; (3) plaintiff be awarded $1,000 in compensatory damages under the NYSHRL and NYCHRL; (4) plaintiff's request for $500 in statutory

damages pursuant to New York Civil Rights Law §§ 40-c and 40-d be denied unless plaintiff can demonstrate that notice was served upon the attorney general; and (5) plaintiff receive an award of $2,200 in attorney's fees and $482 in costs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Matsumoto and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b)(2). Plaintiff is directed to serve copies of this Report and Recommendation on the defendants within three days of the date of this Report and Recommendation and to file proof of service by ECF.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
   August 08, 2022