```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

WILLIAM HENNESSSY, by and through his
Guardian, Josephine Hennessy,
                                              MEMORANDUM & ORDER
                  Plaintiff,                  21-CV-5063 (KAM) (RML)

     - against -


POETICA COFFEE INC.; THOR ATLANTIC
GARDENS LLC,

                  Defendants.

-------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Plaintiff William Hennessy, by and through his guardian, Josephine Hennessy, moves for a default judgment in this Americans with Disabilities Act ("ADA") action against Defendants Poetica Coffee Inc. and Thor Atlantic Gardens LLC. (ECF No. 10.) By report and recommendation dated August 8, 2022, Magistrate Judge Robert M. Levy recommended that the motion be granted in part and denied in part. (ECF No. 11 ("R&R").) In light of the Second Circuit's recent decision in *Calcano v. Swarovski North America Ltd.*, 36 F.4th 68 (2d Cir. 2022), the court respectfully declines to adopt the R&R, DENIES the motion for default judgment, DISMISSES this action without prejudice for lack of Article III standing, and GRANTS Plaintiff thirty days leave from the date of this memorandum and order to file an amended complaint.

1

## BACKGROUND

Plaintiff suffers from cerebral palsy and requires a wheelchair to ambulate. (ECF No. 1 ("Compl.") ¶ 6.) The complaint alleges that Defendants own and operate a place of public accommodation located at 529 Atlantic Avenue in Brooklyn, New York (the "Premises"). (*Id.* ¶ 7.) Plaintiff claims that numerous barriers to access exist at the Premises that have deterred Plaintiff from patronizing Defendants' business. (*Id.* ¶ 21.) Plaintiff alleges that, as a resident of Kings County, he "frequently travels to the area" where Defendants' place of public accommodation is located and that he "intends to patronize" Defendants' business "several times a year after it becomes fully accessible." (*Id.* ¶¶ 5, 28-29.)

Plaintiff commenced this action on September 9, 2021, asserting claims for violations of the ADA, New York State Executive Law, the Administrative Code of the City of New York, and New York State Civil Rights Law. (*Id.* ¶¶ 30-72.) Despite being served with the summons and complaint (ECF Nos. 6-7), Defendants failed to appear or otherwise defend in this action. Accordingly, the Clerk of Court entered a certificate of default on January 13, 2022, and Plaintiff filed the instant motion for default judgment on January 14, 2022. (ECF Nos. 9-10.) On April 4, 2022, the court referred Plaintiff's motion for default judgment

to Magistrate Judge Levy for a report and recommendation. (4/4/22 Minute Order.)

By report and recommendation dated August 8, 2022, Magistrate Judge Levy recommended granting in part and denying in part the motion for default judgment. (R&R at 16.) Relevant here, Magistrate Judge Levy concluded that Plaintiff plausibly alleged Article III standing to seek injunctive relief under the ADA. (*Id.* at 4-6.) As the R&R noted, Plaintiff alleges that he lives in Kings County, that he observed several architectural barriers upon visiting the Premises, and that he intends to visit the Premises several times a year. (*Id.* at 5.) On August 12, 2022, Plaintiff served a copy of the R&R on Defendants. (ECF No. 12.) No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

## **LEGAL STANDARD**

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, no objection to a report and recommendation has been timely made, the court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

3

Article III standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Thus, even though defendants have not appeared in this action and have not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." *Dunston v. Spice of India Inc.*, 2022 WL 994502, at *3 (E.D.N.Y. Feb. 14, 2022) (citation omitted), *report and recommendation adopted*, Minute Order (E.D.N.Y. Mar. 17, 2022).

To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Calcano*, 36 F.4th at 74 (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)). In addition, a plaintiff seeking injunctive relief "may not rely solely on past injury, but also must establish that '[he] is likely to be harmed again in the future in a similar way.'" *Id.* (citation omitted). At the default judgment stage, as at the motion to dismiss stage, the plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 75 (citation omitted); *see also, e.g.*, *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (finding that the district court "properly applied an identical

4

standard" to a default judgment motion and a Rule 12(b)6) motion to dismiss).

## DISCUSSION

As the R&R recognized, the Second Circuit has found standing to seek injunctive relief in ADA cases where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendant['s] restaurant[] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam). Applying this three-part test, district courts in this circuit developed "a broad view of constitutional standing" in ADA cases because "private enforcement suits are the primary method of obtaining compliance with the [ADA]." *E.g.*, *Dunston*, 2022 WL 994502, at *3 (citation omitted). As Magistrate Judge Bloom aptly observed, "the concept of standing ha[d] been so eroded" in ADA cases that even "threadbare allegations" were sufficient. *Chavez v. L2 Liu Inc.*, 2021 WL 1146561, at *4 (E.D.N.Y. Feb. 26, 2021), *report and recommendation adopted in relevant part*, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).

In *Calcano*, however, the Second Circuit made clear that a plaintiff's "conclusory invocation[]" of the *Kreisler* factors is "insufficient to establish standing." 36 F.4th at 75. *Calcano*

concerned four visually impaired individuals who relied on braille to read written materials and who alleged that various retailers violated the ADA by failing to offer gift cards containing braille. *Id.* at 72 & n.2. The plaintiffs alleged that they resided "in close proximity" to defendants' businesses, that they had been a customer at defendants' businesses "on prior occasions," and that they "intend[ed] to immediately purchase at least one store gift card" as soon as the defendants became ADA-compliant. *Id.* at 76.

Because these allegations merely "parrot[ed] the [Second Circuit's] language in *Kreisler*," the Second Circuit found that they amounted to "legal conclusions couched as factual allegations" and thus were not entitled to a presumption of truth. *Id.* (citation omitted). In other words, the plaintiffs' "threadbare assertions [were] conclusory and [did] not raise a reasonable inference of injury." *Id.* Here, too, the complaint parrots the Second Circuit's language in *Kreisler* and conclusorily alleges that Plaintiff "attempted to and desired to access the Premises," that Plaintiff "frequently travels to the area" where Defendants' business is located, and that Plaintiff "intends to patronize" Defendants' business "several times a year after it becomes fully accessible." (Compl. ¶¶ 16, 28–29.)

Relatedly, the Second Circuit in *Calcano* found that the plaintiffs' "assertions of proximity and prior visits [were] vague, lacking in support, and [did] not plausibly establish" an

6

intent to return to the subject retailers. 36 F.4th at 76. As the Second Circuit explained, "the focus of the third factor – *i.e.*, intent to return based on past visits and proximity – is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Id.* at 74-75 (quoting *TransUnion*, 141 S. Ct. at 2210). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Id.* at 75 (quotations and citation omitted).

No plausible threat of immediate injury existed in *Calcano*, for example, because one plaintiff alleged that he lived in "the Bronx," whereas the defendant's store was located on Columbus Circle in Manhattan. *See id.* at 76. Given that the plaintiff could have lived "up to an hour away" from the store, depending on where he lived in the Bronx, the Second Circuit found the complaint's "bare allegation of so-called 'proximity'" insufficient to support a plausible inference that the plaintiff intended to return to the store as soon as it became ADA-compliant. *Id.* Similarly, here, Plaintiff's bare allegation that he resides in "Kings County" is insufficient to support a plausible inference that Plaintiff would return to Defendants' business on Atlantic

7

Avenue in Boerum Hill "several times a year after it becomes fully accessible." (Compl. ¶¶ 5, 29.)

Moreover, the Second Circuit in *Calcano* found that the plaintiffs' "vague assertions" that they had been customers at the defendants' businesses on prior occasions did not "nudge their claims 'across the line from conceivable to plausible.'" 36 F.4th at 76 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). Specifically, three of the plaintiffs in *Calcano* "fail[ed] to provide *any* details about their past visits or the frequency of such visits," failed to identify "which stores they visited or what items they purchased," and failed to explain "why they want to purchase braille gift cards . . . so urgently." *Id.* at 76-77. Without such "basic information," the Second Circuit found that the plaintiffs could not plausibly show a concrete and particularized injury. *Id.* at 77. So too here: the complaint fails to provide *any* details about Plaintiff's previous "attempt[]" to access Defendants' business, his "frequent[]" travels to the area" where Defendants' business is located, or his "inten[t] to patronize" Defendants' business "several times a year after it becomes fully accessible." (Compl. ¶¶ 16, 28-29.) Without this "basic information," the court cannot conclude that Plaintiff has adequately pleaded standing. *Calcano*, 36 F.4th at 77.

Finally, the Second Circuit in *Calcano* refused to "ignore the broader context" of the plaintiffs' "transparent cut-and-paste and fill-in-the-blank pleadings." 36 F.4th at 77. Specifically, the plaintiffs in *Calcano* filed eighty-one "essentially carbon-copy complaints between October and December 2019" that used "identical language to state the same conclusory allegations." *Id.* The Second Circuit concluded that these similarities, including the presence of the same typos, "further confirm[ed] the implausibility of [the plaintiffs'] claims of injury." *Id.* Likewise, this court cannot ignore the broader context of Plaintiff's claims in this action. In less than a year – between May 10, 2021 and April 4, 2022 – Plaintiff filed seventy-nine other ADA actions in this district.[1] Plaintiff's complaints

---

[1] *See Hennessy v. Brooklyn Coffee Roasting Inc.*, No. 21-cv-2609 (filed May 10, 2021); *Hennessy v. Synthetic Barlogics LLC*, No. 21-cv-2655 (filed May 12, 2021); *Hennessy v. Gowanus Corner Café*, No. 21-cv-2736 (filed May 15, 2021); *Hennessy v. Sami & Susu Food Inc.*, No. 21-cv-2738 (filed May 15, 2021); *Hennessy v. Choucroute, LLC*, No. 21-cv-2739 (filed May 15, 2021); *Hennessy v. KGD Fifth, LLC*, No. 21-cv-2740 (filed May 15, 2021); *Hennessy v. YNWA Corp.*, No. 21-cv-2820 (filed May 19, 2021); *Hennessy v. Ware Farm, LLC*, No. 21-cv-2822 (filed May 19, 2021); *Hennessy v. Magali Mex, LLC*, No. 21-cv-2823 (filed May 19, 2021); *Hennessy v. Shwarama & Deli Corp.*, No. 21-cv-3009 (filed May 27, 2021); *Hennessy v. ILGT LLC*, No. 21-cv-3089 (filed June 1, 2021); *Hennessy v. Moulinas LLC*, No. 21-cv-3173 (filed June 4, 2021); *Hennessy v. Planted Brooklyn LLC*, No. 21-cv-3256 (filed June 9, 2021); *Hennessy v. Arlo & Santiago Inc.*, No. 21-cv-3548 (filed June 23, 2021); *Hennessy v. Cibao 172 Smith Corp.*, No. 21-cv-3913 (filed July 12, 2021); *Hennessy v. FOB One LLC*, No. 21-cv-3965 (filed July 13, 2021); *Hennessy v. Sheeky, Inc.*, No. 21-cv-4130 (filed July 22, 2021); *Hennessy v. Fluke Som, LLC*, No. 21-cv-4164 (filed July 25, 2021); *Hennessy v. AAGJ, Inc.*, No. 21-cv-4291 (filed July 30, 2021); *Hennessy v. Francesca Merchants, LLC*, 21-cv-5086 (filed Sept. 13, 2021); *Hennessy v. Grp. B&G LLC*, No. 21-cv-5101 (filed Sept. 14, 2021); *Hennessy v. Brooklyn Carnitas LLC*, No. 21-cv-5122 (filed Sept. 15, 2021); *Hennessy v. DVIR, Inc.*, No. 21-cv-5226 (filed Sept. 20, 2021); *Hennessy v. ESP 637, LLC*, No. 21-cv-5244 (filed Sept. 21, 2021); *Hennessy v. Gran Caffee De Martini Ltd.*, No. 21-cv-5287 (filed Sept. 23, 2021); *Hennessy v. Kitchen Grill Inc.*, No. 21-cv-5337 (filed Sept. 27, 2021); *Hennessy v. Verandah Place LLC*, No. 21-cv-5407 (filed Sept. 29, 2021); *Hennessy v. 194 Bedford Ave.*

exhibit the same "cut-and-paste and fill-in-the-blank" approach that existed in *Calcano*, using the same language, to state the same conclusory allegations, with the same typographical errors.

---

*Rest. Corp.*, No. 21-cv-5434 (filed Sept. 30, 2021); *Hennessy v. Daleview LLC*, No. 21-cv-5489 (filed Oct. 4, 2021); *Hennessy v. Oasis in Williamsburg II Corp.*, No. 21-cv-5518 (filed Oct. 5, 2021); *Hennessy v. Tom's Rest., Inc.*, No. 21-cv-5541 (filed Oct. 6, 2021); *Hennessy v. Leed & Kenzie Hospitality Grp. LLC*, No. 21-cv-5595 (filed Oct. 7, 2021); *Hennessy v. Buka N.Y. Corp.*, No. 21-cv-5635 (filed Oct. 8, 2021); *Hennessy v. 105 N. 6th Inc.*, No. 21-cv-5671 (filed Oct. 12, 2021); *Hennessy v. Bedford MP Inc.*, No. 21-cv-5726 (filed Oct. 14, 2021); *Hennessy v. 174 Bedford Ave. Bar LLC*, No. 21-cv-5796 (filed Oct. 18, 2021); *Hennessy v. Kuddelmuddel Corp.*, No. 21-cv-5861 (filed Oct. 21, 2021); *Hennessy v. Greco Antonino*, No. 21-cv-5886 (filed Oct. 22, 2021); *Hennessy v. Isiah 45 Corp.*, No. 21-cv-5909 (filed Oct. 25, 2021); *Hennessy v. Quality Rockets, Inc.*, No. 21-cv-5941 (filed Oct. 26, 2021); *Hennessy v. Champs Jr. Inc.*, No. 21-cv-5990 (filed Oct. 28, 2021); *Hennessy v. Jemanya Corp.*, No. 21-cv-6062 (filed Nov. 1, 2021); *Hennessy v. Pizzati, Ltd.*, No. 21-cv-6145 (filed Nov. 4, 2021); *Hennessy v. Hole in the Wall Williamsburg LLC*, No. 21-cv-6210 (filed Nov. 9, 2021); *Hennessy v. 150 Wythe Inc.*, No. 21-cv-6314 (filed Nov. 15, 2021); *Hennessy v. Homecoming Williamsburg, Inc.*, No. 21-cv-6352 (filed Nov. 16, 2021); *Hennessy v. Spicy People LLC*, No. 21-cv-7205 (filed Dec. 31, 2021); *Hennessy v. Pluto, Inc.*, No. 22-cv-0003 (filed Jan. 3, 2022); *Hennessy v. Bierendeli's LLC*, No. 22-cv-0035 (filed Jan. 4, 2022); *Hennessy v. Pebble Corp.*, No. 22-cv-0057 (filed Jan. 5, 2022); *Hennessy v. St. James 930 LLC*, No. 22-cv-0080 (filed Jan. 6, 2022); *Hennessy v. Cheeseboat LLC*, No. 22-cv-0103 (filed Jan. 7, 2022); *Hennessy v. Nassau Kyoto Japanese Sushi Inc.*, No. 22-cv-0128 (filed Jan. 10, 2022); *Hennessy v. Ox Collar LLC*, No. 22-cv-0155 (filed Jan. 11, 2022); *Hennessy v. Saint Ellie LLC*, No. 22-cv-0170 (filed Jan. 12, 2022); *Hennessy v. MacMurray LLC*, No. 22-cv-0267 (filed Jan. 18, 2022); *Hennessy v. Grand St. Food & Wine, LLC*, No. 22-cv-0305 (filed Jan. 19, 2022); *Hennessy v. Nights & Weekends BK Corp.*, No. 22-cv-0350 (filed Jan. 21, 2022); *Hennessy v. Caracas Café I LLC*, No. 22-cv-0388 (filed Jan. 24, 2022); *Hennessy v. IGR Holdings LLC*, No. 22-cv-0420 (filed Jan. 25, 2022); *Hennessy v. Oli Rest., Inc.*, No. 22-cv-0467 (filed Jan. 26, 2022); *Hennessy v. Taqueria Mexico 2000 Corp.*, No. 22-cv-0668 (filed Feb. 7, 2022); *Hennessy v. Manjares de Mexico Corp.*, No. 22-cv-0723 (filed Feb. 9, 2022); *Hennessy v. Ponyboy Bar LLC*, No. 22-cv-0779 (filed Feb. 11, 2022); *Hennessy v. Sporkconcepts LLC*, No. 22-cv-0814 (filed Feb. 14, 2022); *Hennessy v. Carrie's Hospitality LLC*, No. 22-cv-0833 (filed Feb. 15, 2022); *Hennessy v. Hooley's of Brooklyn, Inc.*, No. 22-cv-0854 (filed Feb. 16, 2022); *Hennessy v. Midway Bar LLC*, No. 22-cv-0882 (filed Feb. 17, 2022); *Hennessy v. Naybi Rest. Corp.*, No. 22-cv-1250 (filed Mar. 8, 2022); *Hennessy v. Speedy Romeo, LLC*, No. 22-cv-1277 (filed Mar. 9, 2022); *Hennessy v. Valentina Rest. Corp.*, No. 22-cv-1314 (filed Mar. 10, 2022); *Hennessy v. Zatar Café & Bistro Inc.*, No. 22-cv-1349 (filed Mar. 11, 2022); *Hennessy v. Abril N.Y. Corp.*, No. 22-cv-1421 (filed Mar. 15, 2022); *Hennessy v. BRK Bar Grp., LLC*, No. 22-cv-1540 (filed Mar. 21, 2022); *Hennessy v. Triangulo Pizza LLC*, No. 22-cv-1597 (filed Mar. 23, 2022); *Hennessy v. 210 PPW Rest., LLC*, No. 22-cv-1617 (filed Mar. 24, 2022); *Hennessy v. 99 Franklin Bar LLC*, No. 22-cv-1771 (filed Mar. 30, 2022); *Hennessy v. Littleneck Outpost LLC*, No. 22-cv-1826 (filed Apr. 1, 2022); *Hennessy v. TStreet LLC*, No. 22-cv-1860 (filed Apr. 4, 2022).

(*See, e.g.*, Compl. ¶¶ 1, 4 (inconsistent font size and missing space between "and" and "defendants'")); *see also, e.g.*, *Hennessy v. Gowanus Corner Café*, No. 21-cv-2736, ECF No. 1 (Compl.) ¶¶ 1, 4 (E.D.N.Y. May 15, 2021) (same).) "This backdrop of Plaintiff['s] Mad-Libs-style complaints further confirms the implausibility of [his] claims of injury" based on the alleged ADA violations at Defendants' business. *Calcano*, 36 F.4th at 77.

In the few months since the Second Circuit's decision, courts in this circuit have recognized that *Calcano* raised the bar appreciably for adequately pleading standing to seek injunctive relief in ADA cases. Judge Caproni, for example, recently dismissed an ADA case by a different plaintiff for lack of standing where the complaint made "conclusory" allegations that were "identical" to those that the Second Circuit deemed insufficient in *Calcano*. *Mendez v. Victoria's Secret Stores LLC*, 2022 WL 2819055, at *2 (S.D.N.Y. July 19, 2022). Similarly, following the Second Circuit's decision, several district judges in this circuit have issued orders to show cause, ordered supplemental briefing, or otherwise questioned the sufficiency of plaintiffs' allegations regarding standing.[2] Rather than defend the sufficiency of their

---

[2] *See, e.g.*, Order to Show Cause, *Adams v. 98-208 Para Realty Corp.*, No. 22-cv-2135 (E.D.N.Y. July 29, 2022); Order, *Dawkins v. URBN US Retail, LLC*, No. 22-cv-2629, ECF No. 11 (E.D.N.Y. June 24, 2022); Order, *Iskhakova v. Stewart's Shops Corp.*, No. 22-cv-1017 (E.D.N.Y. June 27, 2022); Order, *Contreras v. The Winston Box, LLC*, No. 22-cv-0456, ECF No. 23 (S.D.N.Y. June 13, 2022); Order, *Weekes v. Backcountry Gear Shack LLC*, No. 21-cv-10456, ECF No. 26 (S.D.N.Y.

11

pre-*Calcano* allegations, those plaintiffs have responded to the court's orders – or to a defendant's motion to dismiss based on *Calcano* – with voluntary dismissals, stipulated dismissals, or requests to amend their complaints.[3] In this case, however, Plaintiff elected to stand on his initial complaint in seeking a default judgment. As explained above, the allegations in that complaint are clearly insufficient in light of *Calcano*.

In sum, the complaint was filed at a time when courts in this circuit routinely accepted a "boilerplate recitation" of the *Kreisler* factors, absent any "specific plans to return" to the defendant's business. *Grinblat v. Apna Food & Oil Corp.*, 2020 WL 7481508, at *3 (E.D.N.Y. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020). In *Calcano*, however, the Second Circuit clarified that a "conclusory invocation[]" of the *Kreisler* factors is insufficient, and that a plaintiff must do more than plead "the magic words that a plaintiff 'intends to return.'" 36 F.4th at 75 (citation omitted). Here, Plaintiff's allegations are materially indistinguishable from the

---

June 13, 2022); Order, *Tavarez-Vargas v. Culture Carton LLC*, No. 21-cv-9876, ECF No. 29 (S.D.N.Y. June 2, 2022).

[3] *See, e.g.*, Motion for Leave to File Amended Complaint, *Adams v. 98-208 Para Realty Corp.*, No. 22-cv-2135, ECF No. 13 (E.D.N.Y. Aug. 5, 2022); Notice of Settlement, *Dawkins v. URBN US Retail, LLC*, No. 22-cv-2629, ECF No. 15 (E.D.N.Y. July 20, 2022); Stipulation of Dismissal, *Iskhakova v. Stewart's Shops Corp.*, No. 22-cv-1017, ECF No. 15 (E.D.N.Y. Aug. 10, 2022); Notice of Voluntary Dismissal, *Contreras v. The Winston Box, LLC*, No. 22-cv-0456, ECF No. 24 (S.D.N.Y. June 15, 2022); Notice of Voluntary Dismissal, *Weekes v. Backcountry Gear Shack*, No. 21-cv-10456, ECF No. 31 (S.D.N.Y. Aug. 11, 2022); Notice of Voluntary Dismissal, *Tavarez-Vargas v. Culture Carton LLC*, No. 21-cv-9876, ECF No. 30 (S.D.N.Y. June 9, 2022).

allegations at issue in *Calcano*. Specifically, Plaintiff's allegation of an injury under the ADA – that he "attempted to and desired to access the Premises" sometime "[w]ithin the past three years" but was deterred from doing so (Compl. ¶ 16) – is a "threadbare assertion[]" that "do[es] not raise a reasonable inference of injury." *Calcano*, 36 F.4th at 76. Similarly, Plaintiff's allegations regarding proximity and intent to return – that he lives in "Kings County," that he "frequently travels to the area" where Defendants' business is located, and that he "intends to patronize" Defendants' business "several times a year after it becomes fully accessible" (Compl. ¶¶ 5, 28-29) – "are vague, lacking in support, and do not plausibly establish" standing to seek injunctive relief under the ADA. *Calcano*, 36 F.4th at 76.

Accordingly, Plaintiff's ADA claim must be dismissed without prejudice for lack of Article III standing. The court declines to exercise supplemental jurisdiction over the state and city law claims. *See* 28 U.S.C. § 1367(c)(1). Nevertheless, because the court cannot rule out the possibility that Plaintiff may be able to plead facts that plausibly establish standing, the court will *sua sponte* grant Plaintiff 30 days leave from the date of this memorandum and order to file an amended complaint. *See, e.g.*, *J&J Sports Prods., Inc. v. Dang*, 2021 WL 5310831, at *5 (E.D.N.Y. Oct. 28, 2021) (recommending denial of default judgment motion and dismissal of action without prejudice for lack of

13

standing, with leave to replead), *report and recommendation adopted*, 2021 WL 5304057 (E.D.N.Y. Nov. 15, 2021).

## CONCLUSION

For the foregoing reasons, the court respectfully declines to adopt the R&R, DENIES the motion for default judgment, DISMISSES this action without prejudice, and GRANTS Plaintiff 30 days leave from the date of this memorandum and order to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, or fails to cure the deficiencies identified in this memorandum and order, judgment shall enter dismissing this action without prejudice. Plaintiff is directed to serve a copy of this memorandum and order on Defendants and note service on the docket.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         September 7, 2022